# IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF MISSOURI
## SOUTHERN DIVISION

| | | |
|---|---|---|
| ISRAEL VEGA-HUITRON, | ) | |
| | ) | |
| Petitioner | ) | |
| | ) | |
| v. | ) | Case No. 6:26-cv-03128-MBB |
| | ) | |
| CASS MARTIN, et al., | ) | |
| | ) | |
| Respondents. | ) | |

## ORDER

Petitioner Israel Vega-Huitron petitions the Court for a writ of habeas corpus under 28 U.S.C. § 2241.  He argues that the Respondents (collectively, "the Government") wrongfully detained him under 8 U.S.C. § 1225(b) without a "valid" Custody Redetermination Hearing (a "bond hearing").  (**Doc. 1**, p. 4).  He asks the Court to order the Government to provide such a hearing or immediately release him. (**Doc. 1**, p. 26).  Because Petitioner's detention does not violate the Immigration and Nationality Act (the "INA") or the Constitution, the petition is DENIED.

## Background

The parties dispute the facts.  Petitioner alleges that he entered the United States from Mexico in November of 2019.  (**Doc. 1**, p. 2).  The Government initially agrees but later says that he entered the country in 2005.  (**Doc. 9**, pp. 3, 11).  Petitioner alleges that he was inspected and paroled into the United States pending removal proceedings as a derivative beneficiary of his mother, who entered the country at the same time.  (**Doc. 1**, p. 2).  The Government contends that Petitioner was not inspected or paroled when he illegally entered the United States "between [points of entry]."  (**Doc. 9**, pp. 3, 11).

Petitioner's exhibits support his version of the facts. (**Doc. 1-1**). On November 13, 2019, DHS gave Petitioner a "Notice of Release and Proof of Service" that acknowledges his release from custody pending a "deportation hearing" on November 27, 2019. (***Id.*** at p. 2). A "Form I-830" dated November 13, 2019 says that Petitioner was "[r]eleased from ICE custody" and "paroled pursuant to 8 CFR 212.5." (***Id.*** at p. 3). On December 12, 2019, DHS gave Petitioner a notice to appear, which identified him as an "arriving alien." (***Id.*** at p. 5). It also alleged:

1. You are not a citizen or national of the United States;
2. You are a native of Mexico and a citizen of Mexico;
3. On or about November 10, 2019, you applied for admission into the United States from Mexico at the San Ysidro Port of Entry;
4. You are an immigrant not in possession of a valid unexpired immigrant visa, reentry permit, border crossing card, or other valid entry document required by the Immigration and Nationality Act.

(***Id.***). DHS charged Petitioner as subject to removal under 8 U.S.C. § 1182(a)(7)(A)(i)(I) and ordered him to appear before an immigration judge on April 14, 2020. (***Id.*** at pp. 5-6).

The record contains no information about that hearing, or anything else until February 2024—over four years later. Petitioner alleges that his mother's removal proceedings were dismissed on February 27, 2024. (***Id.*** at p. 20). According to Petitioner, his removal proceedings were not dismissed. (***Id.***). He filed his own petition for asylum the same day. (***Id.***). Sometime before October 28, 2024, Petitioner was charged with multiple undisclosed crimes in Kane County, Illinois. (**Doc. 1**, p. 5); (**Doc. 1-1**, p. 21). He was later convicted of those crimes. (**Doc. 1-1**, p. 21).

ICE arrested Petitioner on October 28, 2024. (***Id.***). On January 6, 2025, Petitioner moved for a bond hearing pursuant to 8 U.S.C. § 1226(a). (***Id.***); (**Doc. 1**, p. 3). On January 16, an Immigration Judge held a bond hearing. (**Doc. 1-1**, p. 21). Petitioner submitted letters of support, proof of residence, and a sworn declaration from a U.S. citizen sponsor. (**Doc. 1**, p. 3). The Immigration Judge denied bond, finding that Petitioner posed a danger to the community. (***Id.***).

2

On February 10, 2025, upon further examination of the evidence, the Immigration Judge noted that Petitioner's Notice to Appear classified him as an "arriving alien." (**Doc. 1-1**, p. 10). The Immigration Judge denied bond based on the alternate justification that, according to 8 CFR § 1003.19(h)(2)(i)(B), "[a]rriving aliens are ineligible for bond." (*Id.*). Petitioner appealed the bond denial, objecting to both of the Immigration Judge's justifications. (*Id.* at p. 21). That appeal is pending before the BIA. (*Id.*).

On April 7, 2025, an Immigration Judge denied asylum and ordered Petitioner removed to Mexico. (**Doc. 1-1**, pp. 15, 21). Petitioner appealed. (**Doc. 1**, p. 3). That appeal is also pending before the BIA. (*Id.*).

On February 27, 2026, Petitioner filed a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 in this Court. (**Doc. 1**). He claims that the Immigration Judge's February 10, 2025 order made him ineligible for bond under 8 U.S.C. § 1225(b). (*Id.* at p. 3). He frames that ruling as "jurisdictional," which, according to him, forecloses "meaningful" review of the Immigration Judge's January 16, 2025 bond denial. (*Id.* at p. 4). As a result, he says he "remains in civil immigration detention without a valid, merits-based individualized custody determination." (*Id.* at pp. 3-4). Petitioner alleges violations of the INA, the Due Process Clause of the Fifth Amendment, and the Suspension Clause. (*Id.* at pp. 19-25).

The Government counters that three statutory provisions deprive the Court of jurisdiction to review the petition: 8 U.S.C. § 1252(e)(3), 8 U.S.C. § 1252(g), and 8 U.S.C. § 1252(b)(9). (**Doc. 9**, pp. 4-8). The Government also contends that the Court should dismiss the petition because Petitioner failed to exhaust administrative remedies. (*Id.* at p. 9). Finally, the Government argues that Petitioner is properly detained under 8 U.S.C. § 1225, and regardless, under 8 U.S.C. §

3

1226(e), this Court lacks jurisdiction to review the Immigration Judge's January 16, 2025 bond denial.  (*Id.* at pp. 9-31).

**Discussion**

28 U.S.C. § 2241 confers jurisdiction upon federal courts to hear constitutional challenges to the legality of immigration-related detention.  *See **Zadvydas v. Davis***, 533 U.S. 678, 687 (2001).  *See also **Rasul v. Bush***, 542 U.S. 466, 483-84 (2004) (holding that Section 2241 conferred jurisdiction to hear a challenge to an alien's detention).  "District Courts in this circuit and elsewhere agree that a habeas petitioner under § 2241 bears the burden of demonstrating by a preponderance of the evidence that his or her detention is unlawful." ***Vargas Lopez v. Trump***, 802 F. Supp. 3d 1132, 1137 (D. Neb. 2025).  *See also **Johnson v. Mabry***, 602 F.2d 167, 171 (8th Cir. 1979) ("Generally, the burden of proof in a habeas corpus proceeding is on the petitioner to establish by a preponderance of the evidence that he is entitled to relief.").  The Court first considers the Government's jurisdictional arguments.  *See **Bellecourt v. United States***, 994 F.2d 427, 430 (8th Cir. 1993) (noting that jurisdiction is a threshold issue).  The Court then addresses the Government's exhaustion argument.  Finally, the Court will address whether Petitioner's detention violates the INA or the Constitution.

## I.     The Court has jurisdiction to review the petition.

"Congress enacted several statutory provisions that limit the circumstances in which judicial review of deportation decisions is available." ***Zadvydas***, 533 U.S. at 687.  But "where Congress intends to preclude judicial review of constitutional claims its intent to do so must be clear." ***Demore v. Kim***, 538 U.S. 510, 517 (2003).  The Court concludes that neither 8 U.S.C. § 1252(e)(3) nor 8 U.S.C. § 1252(g) nor 8 U.S.C. § 1252(b)(9) preclude judicial review of the petition.  But 8 U.S.C. § 1226(e) precludes review of some of Petitioner's claims.

4

**A. 8 U.S.C. § 1252(e)(3) does not deprive the Court of jurisdiction.**

8 U.S.C. § 1252(e)(3) is titled "[c]hallenges on validity of the system" and says that "[j]udicial review of determinations under section 1225(b) of this title and its implementation is available in an action instituted in the United States District Court for the District of Columbia." **8 U.S.C. § 1252(e)(3)(A)**. Review is limited to whether (1) Section 1225(b) is constitutional, or (2) a regulation, a written policy directive or guideline, or a written procedure implementing Section 1225 violates the law. **8 U.S.C. § 1252(e)(3)(A)(i-ii)**.

To determine whether Section 1252(e)(3) deprives the Court of jurisdiction, the Court will "[s]tart at the top, with the words Congress chose for [Section 1252(e)(3)'s] title." *Dubin v. United States*, 599 U.S. 110, 120-21 (2023) (holding that "the title of a statute and the heading of a section are tools available for the resolution of a doubt about the meaning of a statute") (cleaned up). Section 1252(e)(3)'s title indicates that it governs "systemic challenges" rather than individual detention determinations. *See Castro v. United States Dep't of Homeland Sec.*, 835 F.3d 422, 426-27 (3d Cir. 2016). Section 1252(e)(3)'s substance confirms that it reserves jurisdiction for challenges to the "rules and procedures implementing the expedited removal system." *See Make The Rd. New York v. Wolf*, 962 F.3d 612, 626-31 (D.C. Cir. 2020); *E. Bay Sanctuary Covenant v. Biden*, 993 F.3d 640, 666 (9th Cir. 2021) ("Section 1252(e)(3), in short, limits jurisdiction over challenges to regulations implementing expedited-removal orders.").

"Here, Petitioner challenges the lawfulness of his detention without a bond hearing; Petitioner is not challenging the validity of the statutory scheme itself." *Maltos v. Noem*, 2025 WL 3550605, at *2 (W.D. Mich. Dec. 11, 2025). Section 1252(e)(3) does not strip the Court of jurisdiction to review the petition. *See Doe v. Andrews*, 2026 WL 797694, at *4 (E.D. Cal. Mar. 23, 2026) (rejecting the Government's argument that Section 1252(e)(3) prevented the district

court from considering a habeas petition challenging detention without a bond hearing); ***Flores-Rivera v. Ladwig***, 2026 WL 837980, at *2 (M.D. Tenn. Mar. 26, 2026) (same); ***Lieogo v. Freden***, 2025 WL 3290694, at *2 (W.D.N.Y. Nov. 26, 2025) (same); ***Villanueva Funes v. Noem***, 2026 WL 92860, at *3 (D. Md. Jan. 13, 2026) (same).

### B. 8 U.S.C. § 1252(g) does not deprive the Court of jurisdiction.

Section 1252(g) provides that:

> Except as provided in this section and notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of Title 28, or any other habeas corpus provision, . . . no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under this chapter.

**8 U.S.C. § 1252(g)**. It "applies only to three discrete actions" the Attorney General may take: decisions or actions to "commence proceedings, adjudicate cases, or execute removal orders." ***Reno v. American-Arab Anti-Discrimination Comm.***, 525 U.S. 471, 482 (1999) (emphasis removed). It bars courts from reviewing certain discretionary actions, but it does not bar review of the underlying legal bases for those actions. *See **Silva v. United States***, 866 F.3d 938, 941 (8th Cir. 2017), *citing **Jama v. Immigration & Naturalization Service***, 329, F.3d 630 (8th Cir. 2003).

Here, Petitioner challenges the underlying legal basis for his continued detention without bond. He does not challenge a decision to commence his proceeding, adjudicate his case, or execute his removal order. *See **American-Arab***, 525 U.S. at 482. Section 1252(g) does not preclude jurisdiction. *See **Ozturk v. Hyde***, 136 F.4th 382, 396-98 (2d Cir. 2025) (holding that Section 1252(g) did not preclude review of a habeas petition challenging unlawful detention); ***Madu v. United States Atty. Gen.***, 470 F.3d 1362, 1368 (11th Cir. 2006) (same); ***Alonso v. Tindall***, 2025 WL 3083920, at *2 (W.D. Ky. Nov. 4, 2025) (same); ***Ramirez v. Noem***, 2026 WL 310090, at *9 (D. Nev. Feb. 5, 2026) (same).

6

### C. 8 U.S.C. § 1252(b)(9) does not deprive the Court of jurisdiction

Under 1252(b)(9):

> Judicial review of all questions of law and fact, including interpretation and application of constitutional and statutory provisions, arising from any action taken or proceeding brought to remove an alien from the United States under this subchapter shall be available only in judicial review of a final order under this section.

**8 U.S.C. § 1252(b)(9)**. Section 1252(b)(9) bars review of claims arising from removal actions. *Department of Homeland Sec. v. Regents of the Univ. of Cal.*, 591 U.S. 1, 19 (2020). It does not preclude jurisdiction where a petitioner does not challenge the initial detention decision, the decision to seek removal, a removal order, or any part of the process by which removability is determined. *See Jennings v. Rodriguez*, 583 U.S. 281, 294-95 (2018). The question is not whether detention is an action taken to remove an alien, but whether the legal questions in a particular case arise from such an action. *Id.* at n.3. "This distinction . . . makes practical sense. While challenges to removal can be heard in a petition for review after an order of removal has been entered by an immigration judge and affirmed by the [BIA], the same is not true of constitutional challenges to detention." *Mahdawi v. Trump*, 136 F.4th 443, 452 (2d Cir. 2025).

Here, Petitioner raises constitutional challenges to his detention pending ongoing removal proceedings. He does not challenge any substantive aspect of those removal proceedings or the initial decision to detain him. *See Jennings*, 583 U.S. at 294-95. Section 1252(b)(9) does not preclude jurisdiction. *See Nielsen v. Preap*, 586 U.S. 392, 402 (2019) (holding that Section 1252(b)(9) did not preclude review of a habeas petition challenging unlawful detention); *Ozturk*, 136 F.4th at 399-400 (same).

7

**D. 8 U.S.C. § 1226(e) precludes review of the January 16, 2025 bond denial, but not the February 10, 2025 bond denial.**

According to 8 U.S.C. § 1226(e), "[n]o court may set aside any action or decision by the Attorney General under this section regarding the detention of any alien or the revocation or denial of bond or parole." Section 1226(e) governs "discretionary judgment[s] by the Attorney General or a decision that the Attorney General has made regarding his detention or release." *See Demore*, 538 U.S. at 516 (cleaned up); *Jennings*, 583 U.S. at 295. It "contains no explicit provision barring habeas review." *Demore*, 538 U.S. at 517. And its "limitation applies only to discretionary decisions about the application of § 1226 to particular cases." *Nielsen*, 586 U.S. at 401 (internal quotation marks omitted).

Here, Petitioner argues that the Immigration Judge erred when he denied bond on January 16, 2025 and February 10, 2025. On January 16, 2025, after a hearing, the Immigration Judge denied bond because he believed that Petitioner posed a danger to the community. But "[a]n immigration judge's discretionary decision to grant, revoke, or deny bond is not subject to judicial review." *Roberto M.D. v. Garland*, 2021 WL 7161831, at *4 (D. Minn. Dec. 29, 2021); *Singh v. Easterwood*, 2026 WL 686830, at *1 (D. Neb. Mar. 11, 2026) ("the Court is without jurisdiction to second-guess the Immigration Judge's bond decision."). The Court may not review the Immigration Judge's January 16, 2025 bond denial because it was a discretionary decision insulated by Section 1226(e). *See Nielsen*, 586 U.S. at 401.

On February 10, 2025, the Immigration Judge declared that, as an "arriving alien" under 8 CFR § 1003.19(h)(2)(i)(B), Petitioner was ineligible for bond. Petitioner alleges that because ICE classified him as an "arriving alien," he was subject to mandatory detention under 8 U.S.C. § 1225(b). (**Doc. 1**, p. 3). According to Petitioner, ICE's classification caused the Immigration Judge to deny release on bond. (*Id.*). The Government concedes that Petitioner was detained

8

under Section 1225(b), and that 8 CFR § 1003.19(h)(2)(i)(B) left the Immigration Judge with no discretion to release him. (**Doc. 9**, p. 17). Petitioner raises a constitutional challenge to that purportedly mandatory classification. The Court may review it. *See **Nielsen***, 586 U.S. at 401 ("Because this claim of authority does not constitute a mere discretionary application of the relevant statute, our review is not barred by § 1226.") (internal quotation marks omitted); ***Miranda v. Garland***, 34 F.4th 338, 352 (4th Cir. 2022) (holding that even where an immigration judge's decision to adopt certain procedures may be discretionary, the court could review a constitutional challenge to the decision's "categorical, across-the-board nature").

**II.      The Court will not require Petitioner to exhaust administrative remedies.**

"Where Congress specifically mandates, exhaustion is required. But where Congress has not clearly required exhaustion, sound judicial discretion governs." *McCarthy v. Madigan*, 503 U.S. 140, 144 (1992) (citation omitted). Congress does not require exhaustion for habeas petitions under 28 U.S.C. § 2241. ***Lueth v. Beach***, 498 F.3d 795, 797 n.3 (8th Cir. 2007) ("[T]he exhaustion prerequisite for filing a 28 U.S.C. § 2241 petition is judicially created, not jurisdictional."). *See also **Jose J.O.E. v. Bondi***, 797 F. Supp. 3d 957, 965 (D. Minn. 2025) ("[T]here is no statutory requirement that a habeas petitioner exhaust his administrative remedies before challenging his immigration detention in federal court."). So the Court may consider whether exhaustion is excused under a limited number of exceptions. ***Bartlett v. United States Dept. of Agriculture***, 716 F.3d 464, 472 (8th Cir. 2013). Exceptions include whether: (1) the complaint involves a legitimate constitutional claim; (2) exhaustion would cause irreparable harm; (3) exhaustion would be futile; or (4) the issues are primary legal rather than factual. *See **Ace Property and Cas. Ins. Co. v. Federal Crop Ins. Corp.***, 440 F.3d 992, 1000 (8th Cir. 2006). "The legal issues exception is

9

extremely narrow and should only be invoked if the issues involved are ones in which the agency has no expertise." *Id.* at 1001.

Here, Petitioner's remaining claims are primarily legal. Although the parties dispute certain facts, and although Petitioner has appealed the February 10, 2025 bond denial to the BIA, the dispute involves statutory construction and constitutional challenges. The BIA has no expertise in these areas. *See **Loper Bright Enterprises v. Raimondo***, 603 U.S. 369, 400-01 (2024) ("[A]gencies have no special competence in resolving statutory ambiguities. Courts do."); *Mahdawi*, 136 F.4th at 452 (holding that the BIA lacks jurisdiction to decide constitutional issues). And the parties are not expected to develop the issues in adversarial administrative proceedings. *Agha v. Holder*, 743 F.3d 609, 616 (8th Cir. 2014) (holding that "the rationale for requiring exhaustion is at its greatest" where the parties are expected to develop issues in an adversarial administrative proceeding). The Court will not require Petitioner to exhaust administrative remedies.

### III. Petitioner's continued detention does not violate the INA because he is properly detained without bond under 8 U.S.C. § 1225(b).

Two provisions of the INA provide for detention of aliens pending removal proceedings: INA section 235(b), codified at 8 U.S.C. § 1225(b); and INA section 236(a), codified at 8 U.S.C. § 1226(a). Section 1225(b) says that "in the case of an alien who is an applicant for admission, if the examining immigration officer determines that an alien seeking admission is not clearly and beyond a doubt entitled to be admitted, the alien shall be detained for a proceeding under section 1229a of this title." **8 U.S.C. § 1225(b)(2)(A)**. Section 1226(a) says: "On a warrant issued by the Attorney General, an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States." **8 U.S.C. § 1226(a)**. If the alien is detained, the Attorney

10

General may continue to detain them or release them on bond or conditional parole. **8 U.S.C. § 1226(a)(1)-(2)**.

The parties agree that Petitioner is detained under Section 1225(b). They disagree about the lawfulness of that designation. According to Petitioner, "[o]nce a noncitizen has been released into the interior after inspection and parole, detention is governed by 8 U.S.C. § 1226(a), not § 1225(b), which is limited to individuals at the border or in the immediate process of entry." (**Doc. 1**, p. 21). He argues that he is not an "applicant for admission," nor is he "seeking admission" for purposes of Section 1225(b). (**Id.** at pp. 9, 20, 23). According to the Government, Petitioner is in the United States without being admitted "and, consequently, an applicant for admission" under Section 1225(b). (**Doc. 9**, p. 11). The Government claims that Petitioner is also "seeking admission" under Section 1225(b) and subject to mandatory detention, not the discretionary scheme of Section 1226(a). (**Id.** at pp. 13, 23).

Petitioner is properly detained under 8 U.S.C. § 1225(b) because he is an "applicant for admission" who is "seeking admission." *See* **8 U.S.C. § 1225(b)(2)(A)**. And no immigration officer has determined that he is "clearly and beyond a doubt entitled to be admitted." *See id.*

### A. Petitioner is an "applicant for admission."

An "applicant for admission" is "[a]n alien present in the United States who has not been admitted or who arrives in the United States." **8 U.S.C. § 1225(a)(1)**. "Being 'admitted' does not merely mean being present in the United States; under immigration law, it signifies having made a lawful entry into the country." *Avila v. Bondi*, 170 F.4th 1128, 1133 (8th Cir. 2026). "An alien who is paroled . . . shall not be considered to have been admitted." **8 U.S.C. § 1101(a)(13)(B)**.

Petitioner, a citizen of Mexico, was detained at the border in 2019. He was placed in removal proceedings. He was paroled into the country pending those proceedings. Petitioner

11

claims that, at the time of his arrest on October 28, 2024, he was still paroled into the United States pending removal proceedings. Even assuming Petitioner was still on parole at the time of his arrest,[1] it makes no difference. *See* **8 U.S.C. § 1101(a)(13)(B)**. He was present in the United States without having "made lawful entry into the country." *See Avila*, 170 F.4th at 1133. He is an "applicant for admission" under Section 1225(b).

### B. Petitioner is "seeking admission."

If an alien is an "applicant for admission," he is also "seeking admission." *Avila*, 170 F.4th at 1134 (holding that "the structure of § 1225(b)(2)(A) does not indicate that 'seeking admission' is a separate requirement for detention under the statute"). In *Avila*, the petitioner entered the United States illegally in 2016. *Id.* at 1132. DHS encountered him during a traffic stop nine years later, arrested him, initiated removal proceedings, and held him without bond under Section 1225(b). *Id.* The petitioner argued that because he was arrested in the interior of the country—where he had lived for years—and was not actively seeking lawful entry at the time of his arrest, he was not "seeking admission" under Section 1225(b). *Id.* at 1133-37. The Eighth Circuit disagreed, holding that "an alien 'seeks admission' under the statute simply by being 'present in the United States' while having 'not been admitted.'" *Id.* at 1135 (citation omitted).

Here, Petitioner was arrested in the United States, where he has lived since 2019. As discussed, he has not been admitted because he never made "lawful entry into the country." *See Id.* at 1133. He is "seeking admission" under Section 1225(b).

---

[1]Petitioner presents no evidence to suggest that his parole determination from 2019 was still valid in 2024. *See **Mabry***, 602 F.2d at 171 (discussing a petitioner's burden of proof in habeas cases).

### C. No immigration officer has determined that Petitioner is "clearly and beyond a doubt entitled to be admitted."

Immigration authorities found that Petitioner was subject to removal in 2019, released him on parole, and ordered him to appear before an immigration judge. He presents no evidence of any other immigration determination prior to his arrest on October 28, 2024. And on April 7, 2025, an immigration judge ordered him removed to Mexico. He is not "clearly and beyond a doubt entitled to be admitted." *See* **8 U.S.C. § 1225(b)(2)(A)**.

Because Petitioner is properly detained without bond under 8 U.S.C. § 1225(b)(2)(A), his continued detention does not violate the INA.

### IV. Petitioner's continued detention does not violate the Fifth Amendment.

Petitioner argues that his "indefinite, mandatory detention without procedural safeguards" violates the Due Process Clause because he "is not a recent entrant" and because he "has longstanding ties to the United States." (**Doc. 1**, p. 23). But his detention is not indefinite and he received a bond hearing. Regardless, mandatory detention pending removal proceedings does not offend due process.

### A. Petitioner's detention is not indefinite, and he already received a bond hearing.

First, Petitioner's detention is not indefinite. Section 1225(b)(2)(A) only requires detention *pending removal proceedings*. *See* **Demore**, 538 U.S. at 529 (holding that detention pending removal proceedings is not indefinite). An immigration judge has already ordered Petitioner removed to Mexico. Petitioner's appeal to the BIA is pending. *See* **Maan v. Easterwood**, 2026 WL 1006255, at *2 n.3 (D. Neb. April 14, 2026) (finding that a petitioner's detention under Section 1225(b)(2)(A) was not indefinite where he was not "stateless, detained under § 1231(a), or subject to permanent detention").

13

Second, his detention has not been without procedural safeguard.  The Government already provided the relief Petitioner seeks: a bond hearing.  On January 16, 2025, the Immigration Judge denied bond because he found that Petitioner was a danger to the community.  He claims that the Immigration Judge's February 10, 2025 ruling foreclosed "meaningful" review of the bond denial.  But he presents no evidence of such foreclosure.  *See Mabry*, 602 F.2d at 171 (discussing a petitioner's burden of proof in habeas cases).  He appealed the January 16, 2025 bond denial to the BIA.  The BIA has yet to rule.  But even if the February 10, 2025 ruling foreclosed meaningful review of the January 16, 2025 bond denial, Petitioner's Due Process argument still fails.

**B. Regardless, Petitioner's detention pending removal proceedings does not violate the Fifth Amendment.**

The Fifth Amendment entitles aliens to due process in deportation proceedings.  *See Reno v. Flores*, 507 U.S. 292, 306 (1993).  But detention during those proceedings is "a constitutionally valid aspect of the deportation process."  *Demore*, 538 U.S. at 523-26 (holding that "the Government may constitutionally detain deportable aliens during the limited period necessary for their removal proceedings").  The government may detain aliens pending removal proceedings "simply by reference to the legislative scheme."  *See Baynee v. Garland*, 115 F.4th 928, 932 (8th Cir. 2024).  *See also Department of Homeland Security v. Thuraissigiam*, 591 U.S. 103, 140 (2020) (holding that an "applicant for admission" under Section 1225 "has only those rights regarding admission that Congress has provided by statute").

In *Demore*, the Supreme Court held that detention of a deportable alien without a bond hearing under 8 U.S.C. § 1226(c) did not violate due process.  *See Demore*, 538 U.S. at 531.  The Court favorably cited Section 1226(c)'s limitation of detention pending removal.  *Id.* at 527-28.  And in *Baynee*, the Eighth Circuit repudiated any need for a "multi-factor 'reasonableness' test" when evaluating the length of mandatory detention pending removal proceedings.  *Baynee*, 115

14

F.4th at 933. That court held that "the government can detain an alien for as long as deportation proceedings are still 'pending.'" *Id.*, *quoting* **Demore**, 538 U.S. at 527.

Here, even if the Immigration Judge's February 10, 2025 order foreclosed meaningful review of his January 16, 2025 bond denial, Petitioner is properly detained without bond under 8 U.S.C. § 1225(b)(2)(A). Like the statute in *Demore*, Section 1225(b)(2)(A) only requires detention pending removal proceedings. Petitioner concedes that he is being detained pending removal proceedings. He does not claim—and he presents no evidence to suggest—that Respondents are detaining him for any other reason. An immigration judge already ordered Petitioner removed to Mexico. Petitioner remains detained because he chose to appeal that decision. Because Section 1225(b)(2)(A) requires mandatory detention of deportable aliens like Petitioner pending removal proceedings, the Constitution requires no more. *See* **Baynee**, 115 F.4th at 932.

**V.      Petitioner's continued detention does not violate the Suspension Clause.**

Petitioner argues that his mandatory detention amounts to suspension of the Writ of Habeas Corpus. He is mistaken.

"The Suspension Clause provides that '[t]he Privilege of the Writ of Habeas Corpus shall not be suspended, unless when in Cases of Rebellion or Invasion the public Safety may require it.'" **Thuraissigiam**, 591 U.S. at 116, *quoting* **U. S. Const., Art. I, § 9, cl. 2**. "[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody." **Preiser v. Rodriguez**, 411 U.S. 475, 484 (1973). Here, Petitioner attacks the legality of his continued custody. And as discussed, the Court has jurisdiction to review his claims under 28 U.S.C. § 2241. The Court did review his claims and finds them lacking. Petitioner's Suspension Clause claim fails. *See* **Chi v. Warden, Bluebonnet Det. Facility**, 2026 WL 1062625, at *3 (N.D. Tex. April

15

13, 2026) (explaining that a petitioner's Suspension Clause claim was "puzzling" because the court exercised jurisdiction under 28 U.S.C. § 2241 to review the merits of the petition).

**Conclusion**

Petitioner is an "applicant for admission" who is "seeking admission under Section 1225(b). His continued detention does not violate the INA. And neither The Fifth Amendment nor the Suspension Clause require the Court to release Petitioner or order the Government to provide him with a second bond hearing. The Petition for a Writ of Habeas Corpus is DENIED.

**IT IS SO ORDERED.**

/s/ Megan Blair Benton
MEGAN BLAIR BENTON
UNITED STATES DISTRICT JUDGE

Dated:  April 23, 2026

16